## Reed's Estate.

Argued September 26, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Gerald A. McNelis,* with him *Reed & Spofford,* for appellants.

*Henry A. MacDonald,* with him *Gunnison, Fish, Gifford & Chapin,* and *J. M. Sherwin,* for appellees.

OPINION BY MR. JUSTICE LINN, December 5, 1938:

Testatrix, Sarah A. Reed, died January 27, 1934, at the age of 94, leaving a will dated November, 1914, and nine codicils bearing various dates after January 7, 1922, the last, dated two weeks before she died. They occupy considerable space in the record and their construction is not wholly free from difficulty.

These appeals complain of the dismissal of exceptions to two accounts, the first and final account of the executor and the first and partial account of the testamentary trustee. The opinion disposing of these exceptions was the third filed by the learned President Judge and is reported in 19 Erie Co. Law Journal 325; two earlier opinions, reported in volumes 18, p. 282, and 19, p. 163, also deal with the accounts; these opinions contain extended reference to provisions of the will and codicils which need not now be repeated.

The will disposed of both real and personal property and provisions originally made were modified and radically changed from time to time by codicils. Some of appellants' questions are premature, and must be left until distribution of the trust property is ordered, when, if necessary, they may be considered in the light of the facts then appearing. It is necessary now only to state why we think the appeals, all raising the same questions, cannot be sustained.

W. S. Carroll was named executor and trustee with large discretionary powers. The residue of personalty was given in equal shares to representatives of two

590

stocks, one, headed by decedent's brother, and the other, by her sister. The executor's account showed that after payment of other legacies a personal property balance of $29,873.01 remained for distribution. In one of the codicils, however, testatrix recited that as her taxes had increased to such extent that her income was insufficient to "provide me with a living, and realizing that the payment of taxes after my demise may be a matter of considerable moment to my Estate, I hereby give to my said Executor full power and authority to convert any and all securities which I may own at the time of my death, notwithstanding anything contained in my Will, and the various Codicils thereto, and from the proceeds of the same to pay the said taxes and/or if necessary, to borrow as Executor, for a period of two years after my death, such sums of money as will be necessary to pay the said taxes, so that the sale of the said estate may not be hurried or embarrassed, and the property may be disposed of to best advantage." In an earlier codicil she had provided, "Since the major portion of my estate consists of realty and the same after payment of taxes is not productive of much revenue, I direct until such time as my Executor or Trustee shall see fit, he shall pay the taxes on the various real estate which I hold, and if in his judgment it is desirable, he may postpone the execution of the bequests named in my said Will and Codicils."

When distribution of the $29,873.01 balance was ordered* the court directed the executor to withhold $7,000 "to be retained in the trustee's hands for tax purposes" as provided. The appellants object to that and now contend, notwithstanding the codicil, that no sum should be retained, as ordered, and they support this objection by calling attention to the fact that at the time of the audit it appeared that the real estate, appraised at $63,-103.40, had become self-supporting though originally it

---

* The distribution, we assume, is to the persons and for such interests as are stated in Item 29 of the Will.

was not; whether it will remain so is not certain. The learned judge said, in dismissing the exceptions, that if it subsequently appears unnecessary to continue withholding this sum, it will be distributed. We have considered appellants' argument on this subject but are not convinced there was abuse of discretion in making the order.

The next complaint to be noticed is that the executor was not surcharged in the sum of $10,000 expended in paying decedent's bond and mortgage. The mortgage was a lien on No. 17 East 10th Street and other adjoining land and improvements. In the will, as originally made, testatrix had devised No. 17 East 10th Street to her niece Marion Reed Whitley for life, with remainder to her daughter Sarah, her heirs and assigns and, if she died before maturity and without issue, then to her brothers. By subsequent codicil she devised that property with other real estate to her executor in trust on terms that need not, for present purposes, be specified. It was shown that testatrix borrowed the money secured by the mortgage and with it purchased a house for Sarah Reed Whitley, "about to be married." This grand-niece was the remainderman of 17 East 10th Street (but not the adjoining land included within that subjected to the lien of the mortgage) under the original will. Appellants therefore contend that the amount borrowed and used for the purpose stated, should be charged against Sarah Reed Whitley's distributive share in the ratio the value of 17 East 10th Street bears to the value of the entire tract mortgaged. That question may be raised when the proceeds realized by the sale of the real estate are distributable. As it was the duty of the executor to pay the debt represented by the bond and mortgage, he is entitled to credit for the sum paid, the amount due being undisputed.

The third assignment of error complains that the court refused to distribute "net rentals from property known as 31 East Tenth Street, and one-half of the net rentals from the residuary realty, to wit, 1006-8 French Street,

and 1010-12-14-16 French Street rear to Ella Caughey, life tenant," appellant. This assignment with others based on the same construction of the Will and Codicils must be dismissed as raising a question not to be passed on at this time. Appellants contend that the accountant, in the performance of his duties, has preferred one of the two stocks to the other, but they have not shown us where the record supports the charge of abuse of discretion. The parties differ radically on whether the real estate went directly to the devisees or whether testatrix intended a conversion. We cannot pass on that subject prematurely. Questions depending on it will be disposed of on distribution of the trust property, though, in view of what was said on the subject in argument, we may add that we have found no mention of the effect of paragraph 3 of the Codicil of July 13, 1932, on the contention that there was a single trust of the real estate.

No real estate has yet been sold; it consists of a solid area at the southwest corner of Tenth and French Streets in the City of Erie, containing a number of dwelling houses. There is no income from real estate for distribution; such income as has been received from real estate has been inadequate to restore what was advanced from personalty for necessary expenditures; the amount paid in taxes alone is reported at $7,412.08. How and to whom the proceeds of the sale of real estate and the income therefrom shall be distributed will be determined when the time for distribution has arrived.

Decrees affirmed, costs to be paid out of the fund for distribution.